**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Nitto Tire U.S.A. Inc., <br><br>                Plaintiff, <br><br>       v. <br><br> John Does 1-10, <br><br>               Defendants. | Case No.  8:25-cv-02289-ADS <br><br><br> **STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF INFORMATION PRODUCED BY NON-PARTY LIMPIC, INC.** |

## I.      INTRODUCTION

A.      <u>Purposes and Limitations</u>.  Non-Party Limpic, Inc. ("Limpic") is in receipt of a Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena"), that was issued by Nitto through the above-captioned proceeding *Nitto Tire U.S.A. Inc. v. John Does 1-10*, Case No. 8:25-cv-02289 in the United States District Court for the Central District of California (the "Proceeding"). The Subpoena, issued by Plaintiff Nitto Tire U.S.A. Inc., directs Limpic to produce documents relating to

1

its suppliers from whom it has acquired Nitto-branded products. Limpic timely served objections to the Subpoena.

Without waiver of its objections to the Subpoena, Limpic intends to produce certain documents or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information of Limpic (the "Confidential Information").

Accordingly, Plaintiff and Limpic hereby stipulate to and petition the court to enter the following Stipulated Protective Order. Plaintiff and Limpic acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

This Stipulated Protective Order applies to all Confidential Information produced by Limpic in this Proceeding. This Stipulated Protective Order applies to and is binding on the Parties' parent, subsidiary, and affiliate companies, if any, as necessary to conduct the actions described in this Protective Order.,

Pursuant to Federal Rule of Civil Procedure 26, the Court finds good cause for the following Protective Order Regarding the Disclosure and Use of Information Produced by non-party Limpic ("Order" or "Protective Order").

**II.   GOOD CAUSE STATEMENT**

A.   Limpic's production of documents and information in response to Plaintiff's Subpoena is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public

disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of Plaintiff and Limpic that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**III.   DESIGNATING CONFIDENTIAL INFORMATION**

A.   Manner of Designations

    1.   Designation in conformity with this Stipulated Protective Order requires that Limpic affix a "CONFIDENTIAL" designation to any Confidential Information produced in this proceeding.

a.   For documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), Limpic must affix the legend "CONFIDENTIAL" to each page that contains Confidential Information.  If only a portion or portions of the information on a document page qualifies for protection, Limpic must clearly identify the protected portion(s) (e.g., by using highlighting, underlining, or appropriate markings in the margins).  If it is not feasible to label Confidential Information as "CONFIDENTIAL," Limpic shall indicate via cover letter or otherwise at the time of production that the material being produced is confidential.

B.   Inadvertent Failures to Designate

1.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive Limpic's right to secure protection under this Order for such material.  Upon timely correction of a designation, Plaintiff must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

## IV.   ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

A.   <u>Qualified Recipients</u>.  The persons authorized to receive Confidential Information (hereinafter "Qualified Recipient") are:

1.   The Parties to this Stipulated Protective Order, including any members, officers, board members, directors, employees of the Party who have a need to know the information for the performance of their duties

4

for the Party, and authorized partners of the Party strictly for purposes of enforcing Plaintiff's contracts, and who have first been advised of the terms of this Stipulated Protective Order and agreed to be bound by it.

2. Legal counsel representing the parties in this Stipulated Protective Order and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or electronic files, provide technical, litigation support, or provide messenger or other administrative support services, provided that the legal counsel engaging them have first advised them of the terms of this Stipulated Protective Order and obtained their agreement to comply with same; and

3. The Court in this Proceeding and its staff, any court reporter or typist recording or transcribing hearings and testimony, including persons operating video recording equipment.

B. Limitations on Use. Confidential Information shall be held in confidence by each Qualified Recipient to whom it is disclosed, and shall be used only in connection with this Proceeding. For the avoidance of doubt, Plaintiff shall be entitled to use, but not disclose to persons who are not Qualified Recipients as defined herein, such Confidential Information for the purpose of substituting any named entity for any John Doe defendant in this Proceeding and for purposes of discussing breaches of contracts, if any, with entities or persons with whom Plaintiff has a written contract. Confidential Information shall not be disclosed to any person who is not a Qualified Recipient, *e.g.*, not to an entity that becomes a named defendant in place of a John Doe defendant in the

Proceeding, unless so ordered by this Court on an application to make such disclosure made on written notice to Limpic's counsel at least 21 days prior to said application. Nothing herein prevents disclosure beyond the terms of this Stipulated Protective Order if the party designating Confidential Information consents in writing to such disclosure. Nothing herein prevents Plaintiff from contacting or otherwise taking action against the supplier or suppliers identified in the Confidential Information for purposes other than this Proceeding if the identities of or information about the supplier(s) (i) are already known to Plaintiff prior to receiving the Confidential Information, or (ii) are independently learned by Plaintiff subsequent to production of the Confidential Information in a manner that did not violate this Stipulated Protective Order.

**V.     UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION**

A.     If Plaintiff learns that, by inadvertence or otherwise, it or anyone on its behalf has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, Plaintiff must immediately (1) notify in writing Limpic of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

///
///

## VI.    MISCELLANEOUS

A.    Right to Further Relief

1.    Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

B.    Right to Assert Other Objections

1.    By stipulating to the entry of this Stipulated Protective Order, neither Plaintiff nor Limpic waive any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, neither Plaintiff nor Limpic waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

C.    Filing Confidential Information

1.    A Party to this Stipulated Protective Order seeking to file documents containing Confidential Information under seal must comply with the rules and electronic docketing procedures for filing motions for leave to file under seal of the United States District Court for the Central District of California.

D.    Use at Court Hearings and Trial. Subject to the Federal Rules of Evidence, Confidential Information may be offered and received into evidence at trial or at any hearing or oral argument but only in a proceeding relating to the breaches of contract alleged in this Proceeding and only after written notice to Limpic's counsel given at least 21 days before said offer in evidence.  Plaintiff and Limpic do not thereby waive the right to object to the admissibility of the material in any

7

proceeding, including trial.  Any Party may move for an order that Confidential Information be reviewed in camera or under other conditions to prevent unnecessary disclosure.

**VII.   FINAL DISPOSITION**

A.   After the final disposition of this Action, within 60 days of a written request by Limpic, Plaintiff must return all Confidential Information to Limpic or destroy such material.  As used in this subdivision, "all Confidential Information" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Information. Whether the Confidential Information is returned or destroyed, Plaintiff must submit a written certification to Limpic by the 60 day deadline that (1) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (2) affirms that Plaintiff has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information.  Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order.  Nothing in this section is intended to limit the permitted uses of Confidential Information in section IV.B ("Limitations on Use") above.

B.   Any violation of this Order may be punished by any and all appropriate

8

measures including, without limitation, contempt proceedings and/or monetary sanctions.

C.     Any disputes regarding the Subpoena, including, but not limited to, motions to compel or other motions relating to the Subpoena and disputes regarding this Stipulated Protective Order, shall be filed in the United States District Court for the Central District of California.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: June 15, 2026          */s/ Adam S. Hamburg*
                              Adam S. Hamburg
                              Vorys, Sater, Seymour and Pease LLP
                              Attorney for Plaintiff
                              NITTO TIRE U.S.A. Inc.


Dated: June 12, 2026          */s/ Daniella Gutierrez*
                              Daniella Gutierrez
                              Perkins Coie LLP
                              Attorney for Non-party Limpic Inc.

<u>ATTESTATION OF CONCURRENCE FILING</u>

I hereby attest that I am the filer of this document and that I have received the concurrence in the filing of this document from each of the other signatories hereto pursuant to Civil L.R. 5-4.3.4.

Dated: June 15, 2026          By: */s/ Adam S. Hamburg*
                              Adam S. Hamburg


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: June 17, 2026               /s/ Autumn D. Spaeth
                              HONORABLE AUTUMN D. SPAETH
                              United States Magistrate Judge

9

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issue by the United States District Court for the Central District of California on [DATE] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the Court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

10